IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| CARLOS MARTINEZ § | |
|     Plaintiff, § | |
| § | |
| v. § | |
| § | CA NO.  4:21-cv-00146-ALM |
| CITY OF CORINTH POLICE § | |
| DEPARTMENT, JAMES HULSE, § | |
| RASHAAN DOUGLAS, AND § | |
| HERSHALL REYNOLDS § | |
|     Defendants § | |

**DEFENDANT CITY OF CORINTH POLICE DEPARTMENT'S
RULE 12 (b)(6) MOTION TO DISMISS AND BRIEF**

NOW COMES Defendant City of Corinth Police Department (hereinafter "Corinth PD") and files its Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), directed at Plaintiff's Original Complaint, and in support thereof respectfully shows as follows:

**I.
SUMMARY**

Plaintiff's federal constitutional claims against Corinth PD should be dismissed because Corinth PD is a non-jural entity.

**II.
ARGUMENTS AND AUTHORITIES**

**A.     Motion to Dismiss Standard**

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 667, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

A "plaintiff's factual allegations must support a claim to relief that is plausible on its face and rises above mere speculation." *United States ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 266 (5th Cir. 2010). "[A] complaint may proceed even if 'recovery is very remote and unlikely,' so long as the alleged facts 'raise a right to relief above the speculative level.'" *Littell v. Houston Indep. Sch. Dist.*, 894 F.3d 616, 622 (5th Cir. 2018) (quoting *Twombly*, 550 U.S. at 555-56).

In determining whether a complaint states a valid claim for relief, a court must accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff. *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010). While a court must "take factual allegations as true at the Federal Rule of Civil Procedure 12(b)(6) stage, '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Rountree v. Dyson*, 892 F.3d 681, 685 (5th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678).

### B. Corinth Police Department is a servient political agency with non-jural authority

Plaintiff's claims against Corinth PD should be dismissed. A plaintiff may not bring a civil action against a servient political agency or department unless that agency or department enjoys a separate and distinct legal existence. *See Darby v. Pasadena Police Department*, 939 F.2d 311, 313-14 (5th Cir. 1991). In *Darby*, the Fifth Circuit held that, "unless the true political entity has taken explicit steps to grant the servient agency jural authority, the agency cannot engage in any litigation except in concert with the government itself." *Id.* at 313. An entity's capacity to be sued is determined by the state law in which the district court is located. Fed. R. Civ. P. 17(b).

"Under Texas law, a police department is not a juridical entity capable of being sued."

*Broadus v. Officer Flores*, 2008 U.S. Dist. LEXIS 26581, *1 n. 1 (N.D. Tex. 2008) (citing *Darby*, 939 F.2d at 313); *Youl Suh v. Dallas Police Dept.*, No. 3:06-CV-2115-L, 2006 U.S. Dist. LEXIS 93866, 2006 WL 3831235 at *2 (N.D. Tex. Dec. 29, 2006), *appeal dism'd*, No. 08-10233 (5th Cir. April 30, 2008) (recognizing that Dallas Police Department is a non-jural entity). Governmental offices and departments do not have a separate legal existence. See*, e.g., Magnett v. Dallas County Sheriff's Department*, No. 3:96-CV-3191, 1998 U.S. Dist. LEXIS 1110, WL 51355 at *1 (N.D. Tex. Jan. 20, 1998) (finding Dallas County Sheriff's Department not a legal entity); see also *Clark v. Wise County Sheriff's Department*, 2004 U.S. Dist. LEXIS 10985, **1-2 (N.D. Tex. 2004).

    Corinth PD is a servient political department which does not enjoy a separate and distinct legal existence from the City of Corinth and has no jural authority and lacks the capacity to sue and be sued. *See Darby*, 939 F.2d at 313.  Further, Plaintiffs has failed to allege and show that the City of Corinth granted Corinth PD the capacity to sue or be sued as a separate and distinct entity.

    The Court should grant Corinth PD's motion to dismiss and dismiss Plaintiff's claims against it with prejudice.

## CONCLUSION

    WHEREFORE, PREMISES CONSIDERED, Defendant Corinth PD prays that the Court grant its motion and dismiss Plaintiff's' claims against it with prejudice; and Defendant further prays for such other and further relief to which it may show itself to be justly entitled.

    Respectfully submitted,

/s/ Thomas P. Brandt
**THOMAS P.  BRANDT**
State Bar No.02883500
tbrandt@fhmbk.com
**JOHN F. ROEHM III**

        State Bar No.17157500
        jroehm@fhmbk.com
        **FANNING HARPER MARTINSON**
        **BRANDT & KUTCHIN, P.C.**
        Two Energy Square
        4849 Greenville Ave. Suite 1300
        Dallas, Texas 75206
        (214) 369-1300 (office)
        (214) 987-9649 (telecopier)
        **ATTORNEYS FOR DEFENDANT**
        **CORINTH POLICE DEPARTMENT**

## CERTIFICATE OF SERVICE

This is to certify that on the 3rd day of June, 2021, I electronically filed the foregoing document with the clerk of the Court for the United States District Court, Eastern District of Texas, using the electronic case filing system of the Court, and that it reported that it was delivered to and served upon all parties and/or counsels of record.

        /s/ Thomas P. Brandt
        **THOMAS P. BRANDT**