IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| CARLOS MARTINEZ | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CA NO.  4:21-cv-00146-ALM |
| CITY OF CORINTH POLICE | § | |
| DEPARTMENT, JAMES HULSE, | § | |
| RASHAAN DOUGLAS, AND | § | |
| HERSHALL REYNOLDS | § | |
|     Defendants | § | |

## JOINT REPORT OF RULE 26(f) ATTORNEY CONFERENCE

Pursuant to the Court's Order Governing Proceedings of June 11, 2021 (Dkt. 19), the parties submit this Joint Report of Rule 26(f) Attorney Conference:

**(1)** **A brief factual and legal synopsis of the case:**

**Plaintiff**: Plaintiff was wrongfully identified as a homicide suspect by Office Hulse, who negligently began a felony traffic stop prior to confirming that Plaintiff was one and the same person as an individual wanted on an out-of-state homicide warrant. Plaintiff cooperated with the officers during he course of the stop to the best of his ability, despite their giving him conflicting instructions or commands that were not reasonably possible for him to follow. All three officers subsequently used excessive force to pull Plaintiff through the window of his vehicle, struck him repeatedly, tased him, and threw him to the ground. These actions were clearly unreasonable in light of Plaintiff's cooperation with the officers and the lack of any attempt by him to resist or evade arrest. The assault and tasing of Plaintiff under these circumstances violated clearly established law in the Fifth Circuit. Furthermore, after confirming his identity, the officers decided to unlawfully arrest him for the misdemeanor offense of resisting arrest despite lacking probable cause to do so. The actions by the officers were the result of the policies, practices, and/or customs of the Corinth Police Department and neither the department nor the officers are entitled to qualified immunity.

**Defendants**: Plaintiff was stopped for a traffic offense in the late evening by Defendant James Hulse.  Upon checking his driver's license information, it was discovered that there was a homicide warrant matching Plaintiff's name and date of birth.  This information changed the nature of the traffic stop to a felony traffic stop.  Defendant Hulse instructed Plaintiff to turn off the ignition of his vehicle, throw out his keys, and place his arms out of the window.  When Defendant Rashaan Douglas arrived at the scene, Plaintiff was instructed to pen the car door

from outside the door.  When Plaintiff did not open the door, Defendants Hulse and Douglas approached the vehicle.  Plaintiff was instructed multiple times to open the door.  Defendants Hulse and Douglas were facing a tense, uncertain and rapidly evolving situation involving a possible homicide suspect who would not get out of the vehicle even after stating that he would climb out the window.  When Plaintiff did not listen to the officers' instructions and appeared to move his arms back into the vehicle, Defendant Douglas grabbed Plaintiff's shirt so that he could not go back into the vehicle and Defendant Hulse grabbed Plaintiff and they both began pulling him out of the vehicle so they could search him for weapons and for their safety.  Plaintiff resisted being pulled out of the vehicle.  Defendant Hershall Reynolds arrived at the scene and began assisting the officers in trying to pull Plaintiff out of the vehicle.  As Plaintiff was resisting, Defendant Douglas kneed Plaintiff several times to get him to release his leg and allow himself to be pulled out of the vehicle. Plaintiff continued to resist and was warned if he did not stop resisting, he would be tased.  Plaintiff did not stop resisting and he was tased in the back.  The officers were able to finally pull Plaintiff out of the vehicle fact first and his body hit the ground.  Once on the ground, Plaintiff was handcuffed, Plaintiff was charged with resisting arrest.

      The level of force used by the Individual Defendants to remove a resisting Plaintiff from the vehicle and gain control over him was necessary and not excessive under the circumstances and was not objectively unreasonable under clearly established law.  The Individual Defendants deny that they violated Plaintiff's Fourth Amendment rights to be free from excessive force and unlawful seizure/false arrest.  The Individual Defendants has probable cause to arrest Plaintiff for resisting arrest. The Individual Defendants actions were objectively reasonable under clearly established law and thus, the Individual Defendants are entitled to qualified immunity from Plaintiff's constitutional claims.

      Plaintiff's constitutional rights were not violated by the Individual Defendants nor were any alleged violations the result of any City policy, custom, or practice, or the City's failure to train its officers, and thus, no M*onell* liability against the City.

**(2)     The jurisdictional basis for this suit:**

28 U.S.C. §§1331 and 1367.

**(3)     A list of the correct names of the parties to this action and any anticipated additional or potential parties:**

Plaintiff Carlos Martinez

Defendant City of Corinth
Defendant James Hulse
Defendant Rashaan Douglas
Defendant Hershall Reynolds

There are no anticipated additional or potential parties.

**(4)     A list of any cases related to this case pending in any state of federal court,**

        identifying the case numbers and courts along with an explanation of the status of those cases:

None.

**(5) Confirm that initial mandatory disclosure required by Rule 16(a)(1) and the Court's Order Governing Proceedings (Dkt. 19) has been completed:**

The parties would request a deviation from and an extension of the Court's July 12, 2021, mandatory disclosure deadline to July 30, 2021. The parties are engaged in settlement negotiations and would like to keep costs down while exploring settlement.

**(6) Proposed scheduling order deadlines:**

The following actions shall be completed by the date indicated.[1] (The times indicated are the standard for most cases. Counsel should be prepared to explain the need for requested changes).

| Date | Action |
|---|---|
| August 9, 2021 (1 week after mgmt. conf.) | Deadline for motions to transfer. |
| September 13, 2021 (6 weeks after mgmt. conf.) | Deadline to add parties. |
| April 29, 2022 | Mediation must occur by this date. |
| 6 weeks prior to mediation | Deadline by which the parties shall notify the Court of the name, address, and telephone number of the agreed-upon mediator, or request that the Court select a mediator, if they are unable to agree on one. |
| October 11, 2021 (10 weeks after mgmt. conf.) | Plaintiff's disclosure of expert testimony pursuant to Fed. R. Civ. P. 26(a)(2) and Local Rule CV-16(b). |
| October 25, 2021 (12 weeks after mgmt. conf.) | Deadline for Plaintiff to file amended pleadings. (A motion for leave to amend is required.) |
| November 8, 2021 (14 weeks after mgmt. conf.) | Defendant's disclosure of expert testimony pursuant to Fed. R. Civ. P. 26(a)(2) and Local Rule CV-26(b). |

---

[1] If a deadline falls on a Saturday, Sunday, or a legal holiday as defined in Fed. R. Civ. P. 6, the effective date is the first federal court business day following the deadline imposed.

| | |
|---|---|
| November 8, 2021<br>(14 weeks after mgmt. conf.) | Deadline for Defendant's final amended pleadings.<br><br>(A motion for leave to amend is required.) |
| 6 weeks after disclosure of an expert is made | Deadline to object to any other party's expert witnesses. Objection shall be made as a motion to strike or limit expert testimony and shall be accompanied by a copy of the expert's report in order to provide the court with all the information necessary to make a ruling on any objection. |
| March 13, 2022<br>(14 weeks after mgmt. conf. **but no later than 110 days prior to deadline for submission of Joint Final Pretrial Order)** | Deadline for motions to dismiss, motions for summary judgment, or other dispositive motions. |
| January 17, 2022<br>(24 weeks after mgmt. conf.) | All discovery shall be commenced in time to be completed by this date. |
| May 19, 2022<br>6 weeks before final pretrial conf.) | Notice of intent to offer certified records. |
| May 19, 2022<br>(6 weeks before final pretrial conf.) | Counsel and unrepresented parties are each responsible for contacting opposing counsel and unrepresented parties to determine how they will prepare the Joint Final Pretrial Order (**See** Local Rule CV-16(b) and Joint Proposed Jury Instructions and Verdict Form (or Proposed Findings of Fact and Conclusions of Law in non-jury cases)). |
| May 26, 2022<br>(5 weeks before final pretrial conf.) | Video Deposition Designation due. Each party who proposes to offer a deposition by video shall serve on all other parties a disclosure identifying the line and page numbers to be offered. All other parties will have seven calendar days to serve a response with any objections and requesting cross examination line and page numbers to be included. Counsel must consult on any objections and only those which cannot be resolved shall be presented to the court. The party who filed the initial Video Deposition Designation is responsible for preparation of the final edited video in accordance with all parties' designations and the court's rulings on objections. |
| May 31, 2022<br>(30 days before final pretrial | Motions in limine due. |

| | |
|---|---|
| conf.) | File Joint Final Pretrial Order (*See* www.txed.uscourts.cov). |
| June 16, 2022<br>(2 weeks before final pretrial conf.) | Response to motions in limine due.[2]<br><br>File objections to witnesses, deposition extracts, and exhibits, listed in pre-trial order.[3] (This does not extend deadline to object to expert witnesses.) File Proposed Jury Instructions/Form of Verdict (or Proposed Findings of Fact and Conclusions of Law) |
| Date will be set by Court. Usually within 10 days prior to final pretrial conf. | If numerous objections are filed, the court may set a hearing to consider all pending motions and objections. |
| June 30, 2022 | Final Pretrial Conference at 9:00 a.m. at the United States Courthouse located at 7940 Preston Road, Courtroom 105, Plano, Texas 75024. Date parties should be prepared to try case. All cases on the Court's Final Pretrial Conference docket for this day have been set at 9:00 a.m. However, prior to the Final Pretrial Conference date, the Court will set a specific time between 9:00 a.m. and 4:00 p.m. for each case, depending on which cases remain on the Court's docket. |
| To be determined | 10:00 a.m. Jury Trial at the United States Courthouse located at 7940 Preston Road, Courtroom 105, Plano, Texas 75024. Cases that remain for trial following the Court's Pretrial docket will be tried between 7/1/2021 – 7/30/2021. A specific trial date in this time frame will be selected at the Final Pretrial Conference. |

**(7)** **Describe in accordance with Rule 26(f):**

**(i)** **the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues:**

---

[2] This is not an invitation or requirement to file written responses. Most motions in limine can be decided without a written response. But, if there is particularly difficult or novel issue, the Court needs some time to review the matter. To save time and space respond only to items objected to. All others will be considered to be agreed. Opposing counsel shall confer in an attempt to resolve any dispute over the motions in limine within five calendar days of the filing of any response. The parties shall notify the court of all the issues which are resolved.

[3] Within five calendar days after the filing of any objections, opposing counsel shall confer to determine whether objections can be resolved without a court ruling. The parties shall notify the court of all issues which are resolved. The court needs a copy of the exhibit or the pertinent deposition pages to rule on the objection.

While the parties anticipate that discovery will be conducted regarding the nature and basis of Plaintiff's causes of action including the alleged acts and/or omissions which resulted in violations of Plaintiff's constitutional rights, Plaintiff's damages, and Defendants' defenses and/or affirmative defenses, Defendants believe such general discovery is premature and should not be conducted until such time as the Court rules on the Individual Defendants' motions to dismiss. The Individual Defendants will be asserting qualified immunity and under the case law, discovery should be stayed until resolution of the qualified immunity issue.

Plaintiff will assert that he is entitled to conduct limited discovery on the issue of qualified immunity, and discovery as in civil cases generally after the qualified immunity issue is determined.

> **(ii) Any issues relating to disclosure or discovery of electronically stored information ("ESI"), including the form or forms in which it should be produced (whether native or some other reasonably usable format) as well as any methodologies for identifying or culling the relevant and discoverable ESI. Any disputes regarding ESI that counsel for the parties are unable to resolve during conference must be identified in the report:**

ESI disclosures and discovery pursuant to Federal Rules of Civil Procedure. No specific procedures needed. No disputes at this time.

> **(iii) Any agreements or disputes relating to asserting claims of privilege or preserving discoverable information, including electronically stored information and any agreements reached under Federal Rule of Evidence 502 (such as the potential need for a protective order and any procedures to which the parties might agree for handling inadvertent production of privileged information and other privilege waiver issues). A party asserting that any information is confidential should immediately apply to the court for entry of a protective order. Unless a request is made for modification, the court will use the form found on the Eastern District website:**

None at this time.

> **(iv) Any changes that should be made in the limitations on discovery imposed by the Rules, whether federal or local, and any other limitations that should be imposed:**

None.

> **(v) Whether any other orders should be entered by the court pursuant to Federal Rule of Civil Procedure 26(c) or 16(b), (c):**

The parties are not requesting any orders at this time.

**(8) State the progress made toward settlement, and the present status of settlement negotiations, including whether a demand and offer has been made. If the parties have agreed upon a mediator, also state the name, address, and phone number of**

>that mediator, and a proposed deadline for mediation. An early date is encouraged to reduce expenses. The court will appoint a mediator if none is agreed upon:

Prior to the Rule 26(f) conference, the parties initiated settlement discussions and are continuing to do so. Plaintiff has made a settlement demand which is being reviewed by Defendants. Defendants will make a counteroffer. The parties have not discussed potential mediators while they explore settlement among themselves. If the parties are unable to resolve the matter, the parties will submit to the Court the name of a proposed mediator or notification that they are unable to agree to a mediator.

**(9)    The identity of persons expected to be deposed:**

Plaintiff

Defendant Hulse

Defendant Douglas

Defendant Reynolds

Police Chief Jerry Garner

**(10)   Estimated trial time and whether a jury demand has been timely made:**

The parties estimate trial will last 4-5 days. A jury has been demanded.

**(11)   The names of the attorneys who will appear on behalf of the parties at the management conference (the appearing attorney must be an attorney of record and have full authority to bind the client):**

Dominick J. Marsala, lead counsel for Plaintiff.

Thomas P. Brandt, lead counsel for Defendants.

**(12)   Whether the parties jointly consent to trial before a magistrate judge:**

The parties do not consent to trial before a magistrate judge.

**(13)   Any other matters that counsel deem appropriate for inclusion in the joint conference report or that deserve the special attention of the Court at the management conference:**

None.

> Respectfully submitted,
>
> /s/ Dominick J. Marsala

        **DOMINICK J. MARSALA**
        Texas Bar No. 24054063
        **JASON LEE VAN DYKE**
        Texas Bar No. 24057426
        **MARSALA LAW GROUP**
        1417 E. McKinney Street, Suite 110
        Denton, Texas 76209
        Telephone: (940) 382-1976
        Telecopier: (469) 453-3031
        **ATTORNEYS FOR PLAINTIFF**


        /s/ Thomas P. Brandt
        **THOMAS P. BRANDT**
        Texas Bar No. 02883500
        tbrandt@fhmbk.com
        **JOHN F. ROEHM III**
        Texas Bar No. 17157500
        jroehm@fhmbk.com
        **FANNING HARPER, MARTINSON**
        **BRANDT & KUTCHIN, P.C.**
        Two Energy Square
        4849 Greenville Ave. Suite 1300
        Dallas, Texas 75206
        (214) 369-1300 (office)
        (214) 987-9649 (telecopier)
        **ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

    This is to certify that on the 12th day of July, 2021, I electronically filed the foregoing document with the clerk of the Court for the United States District Court, Eastern District of Texas, using the electronic case filing system of the Court, and that it reported that it was delivered to and served upon all parties and/or counsels of record.

        /s/ Thomas P. Brandt
        **THOMAS P. BRANDT**